IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES J. HURT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO.: 2:05cv1241-W |
| | ) |
| ALABAMA STATE EMPLOYEES CREDIT UNION, | ) Demand for Jury Trial |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

1. Plaintiff is a black citizen of the United States and of the state of Alabama and is over nineteen years of age. Plaintiff resides within the Middle District of Alabama.

2. Defendant Alabama State Employees Credit Union is an Alabama corporation which has its principal place of business in Montgomery, Alabama, within the Northern Division of the Middle District of Alabama.

3. This suit is authorized and instituted pursuant to 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; and the Civil Rights Act of 1991, 48 U.S.C. §1981a. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4).

4. Plaintiff has fulfilled all conditions precedent to the institution of his claims under Title VII in that Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and filed this Complaint within ninety

(90) days of the receipt of his Right to Sue Notice from the Equal Employment Opportunity Commission.

5. Plaintiff was employed by the Defendant from August 1999 until June, 2005 as a System Analyst.

6. From sometime in 2000 until the end of his employment, Plaintiff was the only black person employed in a management position by Defendant.

## COUNT I

7. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs one through six of this Complaint as fully as if set out herein.

8. In or around January, 2004, Defendant passed over Plaintiff for promotion to a new position for which Plaintiff was qualified and had expressed an interest, and Plaintiff learned that a less-experienced and less qualified white person, David Tatum, had been hired for that position. The position was not posted in accordance with Defendant's normal practice, and Plaintiff was not given the opportunity to formally apply or be interviewed for said position.

9. Defendant failed and refused to promote Plaintiff because of his race.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

A. Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of 42 U.S.C. §1981;

B.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate 42 U.S.C. §1981.

C.   Grant Plaintiff an award of lost wages (plus interest) and fringe benefits; and compensatory and punitive damages.

D.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## COUNT II

10.   Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs one through nine of this Complaint as fully as if set out herein.

11.   During Plaintiff's employment with Defendant, Defendant discriminated against Plaintiff because of his race, engaged in disparate treatment toward Plaintiff because of his race with respect to the terms, privileges, and conditions of his employment by failing to upgrade Plaintiff's job classification as promised when he was hired, failing to give Plaintiff his employment evaluation due in August 2005, denying him a pay increase, repeatedly and continually refusing and failing to give Plaintiff training on new computer applications in 2004 and 2005, decreasing and taking away Plaintiff's job duties to the point that he was allowed to perform only menial tasks and manual labor, and decreasing Plaintiff's pay by denying him the ability and opportunity to work overtime.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

A.     Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

B.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

C.     Grant Plaintiff an award of lost wages (plus interest), fringe benefits, and compensatory and punitive damages.

D.     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## COUNT III

12.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs one through eleven of this Complaint as fully as if set out herein.

13.    Plaintiff avers that during the course of his employment, by the actions of Defendant described above and in various and other sundry ways, including humiliating, intimidating and abusive language and actions toward Plaintiff, Defendant created a hostile and abusive work environment for Plaintiff, because of his race, in violation of 42 U.S.C

§1981, Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

A.  Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

B.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

C.  Compensatory and punitive damages.

D.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## COUNT IV

14.  Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs one through thirteen of this Complaint as fully as if set out herein.

15.  In June, 2005, as a consequence of Defendant's unlawful discrimination and treatment of Plaintiff, Plaintiff was forced to leave his employment with Defendant under circumstances constituting constructive discharge.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

A.  Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

B.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

C.  Grant Plaintiff an award of lost wages (plus interest), fringe benefits, and compensatory and punitive damages.

D.  Grant Plaintiff reinstatement to Plaintiff's employment or front pay in lieu thereof.

E.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## COUNT V

16. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs one through fifteen of this Complaint as fully as if set out herein.

17. On several occasions during 2004 and 2005, Plaintiff complained to his supervisor about the unlawful harassment and discrimination to which he was being

subjected and informed his supervisor that he intended to file a charge of discrimination or harassment with the Equal Employment Opportunity Commission.

18.   Plaintiff avers that in retaliation for his complaints and opposition to unlawful discrimination, Defendant retaliated against Plaintiff in various and sundry ways, including, in the Spring of 2005, refusing Plaintiff medical treatment and workers compensation leave or sick leave when Plaintiff suffered an injury on the job, and withholding Plaintiff's pay for annual leave for a period of two months when Plaintiff left Defendant's employment in June, 2005.

19.   As a consequence of Defendant's retaliatory conduct, Plaintiff suffered financial distress, checks written by Plaintiff to third parties were dishonored, Plaintiff suffered lost compensation, embarrassment, humiliation, physical and mental distress, and physical and emotional pain and anguish.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

A.   Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

B.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

C.   Grant Plaintiff an award of lost wages (plus interest), and compensatory and

punitive damages.

    D.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                                                  /s/ Gerald L. Miller
                                                  Gerald L. Miller (MIL039)
                                                  Attorney for Plaintiff

**OF COUNSEL:**

REDDEN, MILLS & CLARK
505 North 20th Street
940 Financial Center
Birmingham, AL 35203
(205) 322-0457

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this cause.

                                                  /s/ Gerald L. Miller
                                                  OF COUNSEL

**Plaintiff's Address:**
Charles J. Hurt
700 22nd Avenue, Apt. K11
Phenix City, Alabama 36869

**DEFENDANT'S ADDRESS:**
Alabama State Employees Credit Union
1000 Interstate Park Drive
Montgomery, Alabama 36109