**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES J. HURT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 2:05cv1241-T** |
| | ) | |
| **ALABAMA STATE EMPLOYEES** | ) | |
| **CREDIT UNION** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

**COMES NOW** the Defendant Alabama State Employees Credit Union (hereinafter "ASECU"), and answers Plaintiff's First Amended Complaint as follows:

1.      The allegations of paragraph 1 of the Complaint are admitted.

2.      The allegations of paragraph 2 of the Complaint are admitted.

3.      Defendant admits only that this Court has subject matter jurisdiction of this action and that Plaintiff seeks to invoke the various statutes cited in paragraph 3 of the Complaint. However, Defendant denies that Plaintiff is entitled to any relief whatsoever.

4.      The allegations of paragraph 4 of the Complaint are denied.  Neither Plaintiff's Charge of Discrimination with the EEOC or his Complaint were timely filed.

5.      The allegations of paragraph 5 are admitted.

6.      The allegations of paragraph 6 are denied.

**COUNT I**

7.      Defendant denies the allegations in paragraphs 1-6 of the Complaint except those expressly admitted hereinabove.

8.      The allegations of paragraph 8 are denied.  In further answer to paragraph 8 of the Complaint, ASECU states that David Tatum was hired in 2003, not 2004, to fill a position for which Plaintiff was not qualified.  Plaintiff did not express interest in the position Tatum was hired for, but, to the contrary, acknowledged that he lacked the requisite skills in computer networking, an essential requirement for the position.  The position was not posted because no current employees of ASECU were qualified for the position.

9.      The allegations of paragraph 9 of the Complaint are denied.  Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 9.

## COUNT II

10.      The allegations of paragraphs 1-9 of the Complaint are denied except as expressly admitted hereinabove.

11.      The allegations of paragraph 11 of the Complaint are denied.  Plaintiff received his 2004 performance appraisal on August 2, 2004, a copy of which is in his personnel file.  Plaintiff voluntarily resigned his employment on June 3, 2005 before his performance appraisal was due.  Plaintiff resigned to accept employment elsewhere.  In further answer to paragraph 11, Defendant states that Plaintiff received regular pay raises and denies that Plaintiff was asked to do menial labor.  Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 11 of the Complaint.

## COUNT III

12.      The allegations of paragraphs 1-11 of the Complaint are denied except as specifically admitted hereinabove.

13.      The allegations of paragraph 13 are denied.

2

## COUNT IV

14.    The allegations of paragraphs 1-13 of the Complaint are denied except as specifically admitted hereinabove.

15.    The allegations of paragraph 15 are denied.  Plaintiff voluntarily resigned to accept other employment.  In further answer to paragraph 15 of the Complaint, Defendant denies that Plaintiff is in entitled to any of the relief requested.

## COUNT V

16.    The allegations of paragraphs 1-15 of the Complaint are denied except as specifically admitted hereinabove.

17.    The allegations of paragraph 17 are denied.  On only one occasion did Plaintiff complain to his supervisor about what he perceived to be unfair treatment.  The incident in question arose when Plaintiff was questioned about his whereabouts when it was discovered that he was not at work during his normal working hours as he was supposed to be.

18.    The allegations of paragraph 18 are denied.  Defendant has no knowledge of Plaintiff ever having suffered a work related injury at ASECU or having been denied medical treatment or sick leave upon request.

19.    The allegations of paragraph 19 of the Complaint are denied.  In further answer to paragraph 19 Defendant denies that Plaintiff is entitled to any of the requested relief.

20.    All allegations of the complaint not specifically admitted hereinabove are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The statute of limitations bars some or all of Plaintiff's claims against ASECU.

**SECOND DEFENSE**

The claims in this complaint may not be brought pursuant to 42 U.S.C. § 2000e unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statute as to this defendant.  To the extent that Plaintiff raises claims not made the subject of the EEOC charges he relies upon in the Complaint, or alternatively, not made the subject of a timely signed, verified EEOC charge naming Defendant as a respondent, or raises claims that arose more than 180 days before the filing of a EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit. Any and all claims not raised in a lawsuit timely-filed within ninety days of Plaintiff's receipt of a Notice of Rights letter from the EEOC may not be litigated in this action.

**THIRD DEFENSE**

Some or all of Plaintiff's claims fail to state claims for which relief can be granted.

**FOURTH DEFENSE**

There are no similarly-situated employees of a different race than Plaintiff who have been treated differently from Plaintiff.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**SIXTH DEFENSE**

All employment decisions made by ASECU respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons.  ASECU denies that Plaintiff's race was a substantial contributing factor in any decision regarding his employment.

### SEVENTH DEFENSE

Assuming *arguendo* that Plaintiff provides some evidence that he contends establishes that an adverse employment action taken against him was motivated in part by race ASECU claims the *Price Waterhouse/Mt. Healthy* defense because it would have treated Plaintiff the same in all respects for other legitimate non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals. Where an employer in a "mixed motive" case proves that it would have made the same decision absent the alleged bias it has a complete defense from liability under Title VII. *See, e.g., Pennington v. City of Huntsville,* 261 F.3d 1262, 1269 (11th Cir. 2001).

### EIGHTH DEFENSE

Plaintiff is estopped and lacks clean hands to seek the equitable relief he requests due to violation of ASECU's employee conduct and work rules including, but not limited to, poor performance and excessive absenteeism.

### NINTH DEFENSE

ASECU states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against ASECU rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

### TENTH DEFENSE

The amount of damages that Plaintiff might recover from ASECU under Title VII is subject to the damage limitations in 42 U.S.C. § 1981(a)(B)(3).

**ELEVENTH DEFENSE**

An award of punitive damages in this case is not appropriate.

**TWELFTH DEFENSE**

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

**THIRTEENTH DEFENSE**

To the extent that Plaintiff's claims have been waived, they are barred.

**FOURTEENTH DEFENSE**

To the extent that Plaintiff might have been guilty of conduct, as yet unknown to ASECU or made known to ASECU after the termination of Plaintiff's employment, which conduct would have prevented Plaintiff's employment or caused discharge, they are barred from seeking some or all damages.

**FIFTEENTH DEFENSE**

Plaintiff complains about decisions made by different decision-makers.

**SIXTEENTH DEFENSE**

The doctrine of laches bars some or all of Plaintiff's claims.

**SEVENTEENTH DEFENSE**

ASECU pleads the "same actor" defense.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to recover any compensatory damages or punitive damages herein, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plead facts sufficient to support such damages.

**NINETEENTH DEFENSE**

With respect to all of Plaintiff's claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of ASECU were privileged under the law including, but not limited to, under the employment-at-will doctrine.

**TWENTIETH DEFENSE**

ASECU reserves the right to assert other defenses as discovery proceeds.


s/ Henry C. Barnett, Jr.
**HENRY C. BARNETT, JR. (BAR037)**

*ATTORNEY FOR DEFENDANT*


**OF COUNSEL:**
**CAPELL & HOWARD, P. C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL  36102-3069
(334) 241-8000
(334) 323-8888

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document on the following parties or attorney via CM/ECF, on this the 30th day of May, 2006:

Gerald L. Miller
REDDEN, MILLS & CLARK
505 North 20th Street
940 Financial Center
Birmingham, Alabama


s/Henry C. Barnett, Jr.
OF COUNSEL

1069498